08 CIV. 6515

NOWELL AMOROSO KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
And
140 Broadway
PMB 46028
New York, New York 10005
Attorneys for Defendant,
Con-Way Freight, Inc.

JUDGE ROBINSON

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

DAVEE TAPE CO., INC.,

                    Plaintiff,

        v.

CNF, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY
TRANSPORATION SERVICES, INC.,
CON-WAY CENTRAL EXPRESS, INC.,
CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

                    Defendants.

Civil Action No.:

NOTICE OF REMOVAL PURSUANT
TO ARISING UNDER JURISDICTION
28 U.S.C. § 1331.

TO:    The Honorable Judges of the
       United States District Court
       For the Southern District of New York
       300 Quarropas Street
       White Plains, NY 10601

Lisa Ann Enoch, Esq.
81 Main Street
Suite 508
White Plains, New York 10601

The Notice of Removal of defendant, Con-Way Freight, Inc., [improperly named as CNF, Inc., Con-Way, Inc., Con-Way Transportation Services, Inc., Con-Way Central Express, Inc., Con-Way Freight Transportation Services and Con-Way Logistics, Inc.], respectfully shows upon information and belief:

1.     Con-Way Freight, Inc. is the named defendant in the above-entitled action, which action is now pending in the Supreme Court of the State of New York, County of Westchester. Con-Way Freight, Inc. was the actual motor carrier that transported the goods in question in interstate commerce and which goods and transportation are the subject of the Plaintiff's complaint.

2.     That on or after June 27, 2008, a Summons and Complaint was served upon the defendant, Con-Way Freight, Inc., specifying the nature of the action in the aforesaid Court. A copy of the Summons and Complaint are annexed hereto as Exhibit "A". The service was the first-time Con-Way Freight, Inc., received a copy of the Complaint or notice of suit by service or otherwise. The other names used by the Plaintiff in this caption are names that used to be corporate parents or affiliates of or which were previously merged into Con-Way Freight, Inc.

3.     That no further proceedings have been had in said action and the time of the defendant, Con-Way Freight, Inc., within which to file a Notice of Removal has not expired.

4.     That the controversies asserted against defendant, Con-Way Freight, Inc., as appear in the Complaint (See Exhibit "A") of this action arise from an alleged breach of contract of carriage to transport certain goods in interstate commerce. See Exhibit "A."

5.     That the Defendant, Con-Way Freight, Inc., was at all relevant times acting as a motor carrier, and/or its agent as employee, is operating in interstate commerce pursuant to tariffs which were in effect at the time of the actions of the parties alleged in the Complaint and governed by the requirements of the provisions of an Act entitled:

> "An act to Regulate Commerce" approved February 28, 1987 and the various acts amendatory thereof and supplemental thereto, commonly known as the Interstate Commerce Act, being Title 49, United States Cod, Section 10101, et seq.; and Title 49 United States Cod, Section 11102 and as amended by the ICC Termination Act of 1995 P.L. 104-88.

6.     That based solely on the allegations against Defendant, Con-Way Freight, Inc., the above-entitled action is a suit of a civil nature related to alleged damage to goods shipped by common carrier in interstate commerce which is governed by the Interstate Commerce Act, 49 U.S.C. §§ 10101, et seq. and 49 U.S.C. § 11102 and as amended by the ICC Termination Act of 1995 P.L. 104-88 and which serves as the basis for subject matter jurisdiction pursuant to the "arising under" jurisdictional provisions of 28 U.S.C. § 1331.

7.     That a copy of this Notice of Removal has been served on the attorneys for plaintiff and a copy of this Notice will be filed with the Clerk of the Supreme Court of the State of New York, County of Westchester.

8.     That defendant, Con-Way Freight, Inc., has a good and sufficient defense to this action.

9.     That no previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** defendant, Con-Way Freight, Inc., prays that the above action pending against them in the Supreme Court of the State of New York, County of Westchester, be

removed to this Court.

**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
Attorneys for Defendant,
Con-Way Freight, Inc.

By:     /s/ William D. Bierman
        William D. Bierman (WB 8955)
        NOWELL AMOROSO KLEIN BIERMAN, P.A.
        155 Polifly Road
        Hackensack, NJ 07601
        (201) 343-5001
        wbierman@nakblaw.com
        And
        140 Broadway
        PMB 46028
        New York, New York 10005
        Attorneys for Defendant,
        Con-Way Freight, Inc.

Dated:  July 17, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served via United States mail, postage prepaid, this 17th day of July, 2007, upon:

Lisa Ann Enoch, Esq.
81 Main Street
Suite 508
White Plains, New York 10601
Attorneys for Plaintiff

/s/ William D. Bierman
William D. Bierman

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

08/14273

DAVEE TAPE CO., INC., ————————————————————X

                                    Plaintiff(s),

        -against-

CNF, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY TRANSPORTATION
SERVICES, INC., CON-WAY CENTRAL EXPRESS,
INC., CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

                            Defendant(s).
——————————————————————————————X
To the above named Defendants

Plaintiff designates
Westchester County as the
place of trial.

The basis of the venue is
Plaintiff's principle place
of business is in
Westchester County

SUMMONS
Plaintiff's address is
107 Raven Crest Road
Yorktown Heights, NY 10598
COUNTY OF WESTCHESTER

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you be default for the relief
demanded in the complaint.

DATED:  White Plains, New York
        June 20, 2008

                    RECEIVED

                        JUN 2 6 2008

                    TIMOTHY C. IDONI
                     COUNTY CLERK
                COUNTY OF WESTCHESTER

                            Lisa Ann Enoch, Esq.
                            Attorney for Plaintiff
                            Office and P.O. Address
                            81 Main Street, Suite 508
                            White Plains, New York 10601
                            (914) 285-0700

Defendants' Address: P.O. Box 982022, N. Richland Hills, TX 76182,
6 Warehouse Lane, Elmsford, NY 10523

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
DAVEE TAPE CO., INC.,

                                              Plaintiff(s),

              -against-

CNF, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY TRANSPORTATION
SERVICES, INC., CON-WAY CENTRAL EXPRESS,
INC., CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

                                              Defendant(s).
-------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

RECEIVED

JUN 26 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiffs by their attorneys, LISA ANN ENOCH, ESQ.,
complaining of the above named defendants, alleges:

## AS AND FOR THE FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF

FIRST:  Upon information and belief, that at all times
hereinafter mentioned, the plaintiff, DAVEE TAPE CO., INC., (hereinafter
referred to as DAVEE TAPE) was and still is a domestic corporation duly
organized and existing under and by virtue of the laws of The State of New
York.

SECOND:  Upon information and belief, that at all times
hereinafter mentioned, the plaintiff was in the wholesale sales business.

THIRD:  That at all times hereinafter mentioned, the plaintiff
sold textile tape retail to stores for a profit.

1

FOURTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CNF, INC. (hereinafter referred to as CNF), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of The State of New York.

FIFTH:  Upon information and belief, that at all time hereinafter mentioned, the defendant, CNF, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

SIXTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CNF, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

SEVENTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY, INC. (hereinafter referred to as CON-WAY), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of The State of New York.

EIGHTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

2

NINTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

TENTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT, INC., (hereinafter referred to as CON-WAY FREIGHT), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of The State of New York.

ELEVENTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

TWELFTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

THIRTEENTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY TRANSPORTATION SERVICES, INC. (hereinafter referred to as CON-WAY TRANSPORTATION), was and still is a domestic corporation duly

3

organized and existing under and by virtue of the laws of The State of New York.

FOURTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY TRANSPORTATION, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

FIFTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY TRANSPORTATION, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

SIXTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY CENTRAL EXPRESS, INC. (hereinafter referred to as CON-WAY CENTRAL), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of The State of New York.

SEVENTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY CENTRAL, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

EIGHTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY CENTRAL, was and still

4

is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

NINETEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT TRANSPORTATION SERVICES, INC. (hereinafter referred to as CON-WAY FREIGHT TRANSPORTATION), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of The State of New York.

TWENTIETH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT TRANSPORTATION, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

TWENTY-FIRST: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT TRANSPORTATION, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

TWENTY-SECOND: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT

TRANSPORTATION, was and still is an unincorporated business existing under and by virtue of the laws of the State of New York.

TWENTY-THIRD: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY LOGISTICS, INC. (hereinafter referred to as CON-WAY LOGISTICS), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of The State of New York.

TWENTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY LOGISTICS, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York.

TWENTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY LOGISTICS, was and still is a Foreign Corporation duly organized and existing under and by virtue of the laws of a state other than The State of New York, but duly licensed to do business in The State of New York.

TWENTY-SIXTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CNF, was a common carrier in the business of providing transportation trucking services, pick up and delivery of goods.

TWENTY-SEVENTH: Upon information and belief, defendant CNF owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and employed individuals as

drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

TWENTY-EIGHTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY, was a common carrier in the business of providing transportation trucking services, pick up and delivery of goods.

TWENTY-NINETH: Upon information and belief, defendant CON-WAY owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and employed individuals as drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

THIRTIETH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT, was a common carrier in the business of providing transportation trucking services, pick up and delivery of goods.

THIRTY-FIRST: Upon information and belief, defendant CON-WAY FREIGHT owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and employed individuals as drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

THIRTY-SECOND: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY

TRANSPORTATION, was a common carrier in the business of providing transportation trucking services, pick up and delivery of goods.

THIRTY-THIRD: Upon information and belief, defendant CON-WAY TRANSPORTATION owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and employed individuals as drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

THIRTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY CENTRAL, was a common carrier in the business of providing transportation trucking services, pick up and delivery of goods.

THIRTY-FIFTH: Upon information and belief, defendant CON-WAY CENTRAL owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and employed individuals as drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

THIRTY-SIXTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT TRANSPORTATION, was a common carrier in the business of providing transportation trucking services.

THIRTY-SEVENTH: Upon information and belief, defendant CON-WAY FREIGHT TRANSPORTATION owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and

employed individuals as drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

THIRTY-EIGHTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY LOGISTICS, was a common carrier in the business of providing transportation trucking services.

THIRTY-NINETH:  Upon information and belief, defendant CON-WAY LOGISTICS owned, operated, maintained, and controlled trucks and vehicles used in the aforesaid business and employed individuals as drivers, loaders and individuals who cared and controlled goods loaded into its' vehicles.

FOURTIETH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CNF, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-FIRST:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-SECOND:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-THIRD: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY TRANSPORTATION, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY CENTRAL, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT TRANSPORTATION, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-SIXTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY LOGISTICS, provided common carrier services from Rochester, New Hampshire, to Yorktown Heights, New York.

FORTY-SEVENTH: Upon information and belief, that at all times hereinafter mentioned, one Textile Tapes Corporation manufactured woven tape.

FORTY-EIGHTH: Upon information and belief, aforementioned Textile was located in Rochester, New York.

FORTY-NINTH: Upon information and belief, that at all times hereinafter mentioned, the aforementioned Textile Tape

10

Corporations sold the aforementioned woven tape to the plaintiff, DAVEE TAPE CO., INC.

FIFTIETH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CNF, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-FIRST:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-SECOND:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-THIRD:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY TRANSPORTATION, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-FOURTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY CENTRAL, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-FIFTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY FREIGHT TRANSPORTATION, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-SIXTH:  Upon information and belief, that at all times hereinafter mentioned, the defendant, CON-WAY LOGISTICS, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

FIFTY-SEVENTH:  Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CNF, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

FIFTY-EIGHTH:  Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CON-WAY, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

FIFTY-NINTH: Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CON-WAY FREIGHT, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

SIXTIETH: Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CON-WAY TRANSPORTATION, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

SIXTY-FIRST: Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CON-WAY CENTRAL, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

SIXTY-SECOND: Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CON-WAY FREIGHT TRANSPORTATION, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

SIXTY-THIRD: Upon information and belief, that at all times hereinafter mentioned, that on June 29, 2005, the defendant, CON-WAY LOGISTICS, shipped the aforementioned woven tape product from the aforementioned Textile Tapes Corporation to the plaintiff.

SIXTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant,

13

CNF, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SIXTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant, CON-WAY, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SIXTY-SIXTH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant, CON-WAY FREIGHT, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SIXTY-SEVENTH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant, CON-WAY TRANSPORTATION, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SIXTY-EIGHTH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant, CON-WAY CENTRAL, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SIXTY-NINTH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant, CON-WAY FREIGHT TRANSPORTATION, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SEVENTIETH: Upon information and belief, that at all times hereinafter mentioned, that on or about July 1, 2005, the defendant, CON-WAY LOGISTICS, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

SEVENTY-FIRST: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CNF, on or about July 1, 2005, and delivered by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-SECOND: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY, on or about July 1, 2005, and delivered by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-THIRD: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY FREIGHT, on or about June 29, 2005, and delivered

by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY TRANSPORTATION, on or about June 29, 2005, and delivered by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY CENTRAL, on or about June 29, 2005, and delivered by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-SIXTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY FREIGHT TRANSPORTATION, on or about June 29, 2005, and delivered by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-SEVENTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY LOGISTICS, on or about July 1, 2005, and

delivered by the defendant, its employees, agents and/or servants was delivered with 26 cases damaged and the material in same damaged and/or destroyed.

SEVENTY-EIGHTH:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CNF, was pursuant to a contract with the plaintiff.

SEVENTY-NINTH:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CON-WAY, was pursuant to a contract with the plaintiff.

EIGHTIETH:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CON-WAY FREIGHT, was pursuant to a contract with the plaintiff.

EIGHTY-FIRST:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CON-WAY TRANSPORTATION, was pursuant to a contract with the plaintiff.

EIGHTY-SECOND:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CON-WAY CENTRAL, was pursuant to a contract with the plaintiff.

EIGHTY-THIRD:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CON-WAY FREIGHT TRANSPORTATION, was pursuant to a contract with the plaintiff.

EIGHTY-FOURTH:  Upon information and belief, that the aforementioned delivery of July 1, 2005, by the defendant, CON-WAY LOGISTICS, was pursuant to a contract with the plaintiff.

EIGHTY-FIFTH:  That solely by reason of the aforesaid breach of contract, the plaintiff seeks damages to the aforesaid tape product in the amount of $6598.60.

EIGHTY-SIXTH:  That at all times hereinafter mentioned, the plaintiff gave notice to the defendants, CNF, CON-WAY, CON-WAY FREIGHT, CON-WAY TRANSPORTATION, CON-WAY CENTRAL, CON-WAY FREIGHT TRANSPORTATION and CON-WAY LOGISTICS, of the aforesaid delivery of damaged and/or destroyed goods.

EIGHTY-SEVENTH:  That solely by reason of the aforesaid, the plaintiff lost the commercial value in the sales of it by reason of the destruction of the aforesaid product.

EIGHTY-EIGHTH:  Plaintiff seeks a judgment in the amount of Six Thousand Five Hundred Ninety-eight  Dollars and 00/100 ($6,598.60).

## AS AND FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF

EIGHTY-NINTH:  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "FIRST" through "EIGHTY-FOURTH," "EIGHTY-SEVENTH," inclusive of this

complaint with the same force and effect as if fully set forth and at length herein.

NINTIETH: That the defendant, CNF, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

NINETY-FIRST: That the defendant, CON-WAY, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

NINETY-SECOND: That the defendant, CON-WAY FREIGHT, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking

20

up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

NINETY-THIRD: That the defendant, CON-WAY TRANSPORTATION, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting

goods to be damaged and destroyed during the course of their

transportation; in packing goods onto their truck; in failing to adequately

and properly pack goods on the truck; in causing and/or suffering,

allowing and permitting goods to be damaged either by the reason of their

failure to pack the specific goods in their trucks and/or causing other

goods to fall or otherwise damage these goods while in the course and

custody and control of the defendant, by their agents, employees and/or

servants; in causing and/or suffering, allowing and permitting goods to be

damaged while in their control; in delivering damaged goods; in failing to

deliver goods in the condition which they picked them up; and in addition

to and in the alternative to all the aforementioned acts of negligence, the

defendant was guilty of negligence under and by virtue of the Doctrine of

Res Ipsa Loquitor; and in general in that the defendant failed to use that

degree of care and caution warranted under all of the surrounding

circumstances.

 NINETY-FOURTH:  That the defendant, CON-WAY

CENTRAL, was negligent in the ownership, operation, management,

maintenance, care and control of the trucking business in that:  in picking

up a delivery; in failing to deliver goods it picked up in the condition

which they received them; in failing to ship goods properly and

appropriately; in causing and/or suffering, allowing and permitting goods

to be damaged and destroyed during the course of their transportation; in

packing goods onto their truck; in failing to adequately and properly pack

goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

NINETY-FIFTH:  That the defendant, CON-WAY FREIGHT TRANSPORTATION, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that:  in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other

23

goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

NINETY-SIXTH: That the defendant, CON-WAY LOGISTICS, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing

24

and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

NINETY-SEVENTH:  That the aforesaid occurrence and the damages resulting to the plaintiff therefrom, were caused solely and wholly as a result of the negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

NINETY-EIGHTH:  That solely by reason of the aforesaid, plaintiff lost the benefit of the sale of the aforesaid damaged materials.

NINETY-NINTH:  That solely by reason of the aforesaid, the plaintiff seeks a judgment for damages in the amount of Nine Thousand Seven Hundred Sixty-two Dollars and 02/100 ($ 9762.02.)

## AS AND FOR THE THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

ONE HUNDREDTH:  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "FIRST"

through "FORTY-NINTH," inclusive of this complaint with the same force and effect as if fully set forth and at length herein.

ONE HUNDRED-FIRST: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CNF, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-SECOND: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CON-WAY, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-THIRD: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CON-WAY FREIGHT, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-FOURTH: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CON-WAY TRANSPORTATION, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-FIFTH: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CON-WAY CENTRAL, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-SIXTH: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CON-WAY FREIGHT TRANSPORTATION, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-SEVENTH: Upon information and belief, that at all times hereinafter mentioned on November 28, 2006, the defendant, CON-WAY LOGISTICS, loaded the aforementioned woven tape material from the aforementioned Textile Tapes Corporation for delivery to the plaintiff at 107 Raven Crest Road, Yorktown Heights, New York.

ONE HUNDRED-EIGHTH: Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the defendant, CNF, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED-NINTH: Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the

defendant, CON-WAY, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED-TENTH:  Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the defendant, CON-WAY FREIGHT, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED ELEVENTH:  Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the defendant, CON-WAY TRANSPORTATION, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED-TWELFTH:  Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the defendant, CON-WAY CENTRAL, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED-THIRTEENTH:  Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the defendant, CON-WAY FREIGHT TRANSPORTATION, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED-FOURTEENTH:  Upon information and belief, that at all times hereinafter mentioned, that on November 28, 2006, the defendant, CON-WAY LOGISTICS, shipped the aforementioned woven tape product from Textile Tapes Corporation to the plaintiff.

ONE HUNDRED-FIFTEENTH: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CNF, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED-SIXTEENTH: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CON-WAY, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED-SEVENTEENTH: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CON-WAY FREIGHT, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED-EIGHTEENTH: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CON-WAY TRANSPORTATION, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED-NINETEENTH: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CON-WAY CENTRAL, delivered the

29

aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED TWENTIETH: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CON-WAY FREIGHT TRANSPORTATION, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED TWENTY-FIRST: Upon information and belief, that at all times hereinafter mentioned, that on or about November 29, 2006, the defendant, CON-WAY LOGISTICS, delivered the aforementioned shipment that it had picked up from the aforementioned Textile Tape Corporation to the plaintiff at the aforesaid address.

ONE HUNDRED TWENTY-SECOND: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CNF, on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDRED TWENTY-THIRD: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY, on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was

delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDRED TWENTY-FOURTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY FREIGHT, on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDRED TWENTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY TRANSPORTATION, on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDRED TWENTY-SIXTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY CENTRAL, on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDRED TWENTY-SEVENTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY FREIGHT TRANSPORTATION,

on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDRED TWENTY-EIGHTH: Upon information and belief, that at all times hereinafter mentioned, the aforesaid shipment picked up by the defendant, CON-WAY LOGISTICS, on or about November 28, 2006, and delivered by the defendant, its employees, agents and/or servants was delivered with 41 cases damages and the material in same damaged and/or destroyed.

ONE HUNDREDTWENTY-NINTH: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CNF, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTIETH: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CON-WAY, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTY-FIRST: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CON-WAY FREIGHT, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTY-SECOND: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CON-WAY TRANSPORTATION, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTY-THIRD: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CON-WAY CENTRAL, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTY-FOURTH: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CON-WAY FREIGHT TRANSPORTATION, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTY-FIFTH: Upon information and belief, that the aforementioned delivery of November 28, 2006, by the defendant, CON-WAY LOGISTICS, was pursuant to a contract with the plaintiff.

ONE HUNDRED THIRTY-SIXTH: That solely by reason of the aforesaid breach of contract, the plaintiff seeks damages to the aforesaid tape product in the amount of Ten Thousand Four Hundred and Five Dollars and 39/100 ($10,405.30).

ONE HUNDRED THIRTY-SEVENTH: That at all times hereinafter mentioned, the plaintiff gave notice to the defendants, CNF, CON-WAY, CON-WAY FREIGHT, CON-WAY TRANSPORTATION, CON-WAY CENTRAL, CON-WAY FREIGHT TRANSPORTATION and CON-WAY LOGISTICS, of the aforesaid delivery of damaged and/or destroyed goods.

ONE HUNDRED THIRTY-EIGHTH: That solely by reason of the aforesaid, the plaintiff lost the commercial value in the sales of it by reason of the destruction of the aforesaid product.

ONE HUNDRED THIRTY-NINTH: Plaintiff seeks a judgment in the amount of Ten Thousand Four Hundred and Five Dollars and 39/100 ($10,405.30).

## AS AND FOR THE FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

ONE HUNDRED FORTIETH: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "FIRST" through "FORTY-NINTH," "ONE HUNDRED FIRST" through "ONE HUNDRED THIRTY-EIGHTH," inclusive of this complaint with the same force and effect as if fully set forth and at length herein.

ONE HUNDRED FORTY-FIRST: That the defendant, CNF, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged

either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

ONE HUNDRED FORTY-SECOND:  That the defendant, CON-WAY, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that:  in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control

35

of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

ONE HUNDRED FORTY-THIRD: That the defendant, CON-WAY FREIGHT, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in

the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

ONE HUNDRED FORTY-FOURTH:  That the defendant, CON-WAY TRANSPORTATION, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that:  in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence

under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

ONE HUNDRED FORTY-FIFTH: That the defendant, CON-WAY CENTRAL, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

38

ONE HUNDRED FORTY-SIXTH: That the defendant, CON-WAY FREIGHT TRANSPORTATION, was negligent in the ownership, operation, management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

ONE HUNDRED FORTY-SEVENTH: That the defendant, CON-WAY LOGISTICS, was negligent in the ownership, operation,

39

management, maintenance, care and control of the trucking business in that: in picking up a delivery; in failing to deliver goods it picked up in the condition which they received them; in failing to ship goods properly and appropriately; in causing and/or suffering, allowing and permitting goods to be damaged and destroyed during the course of their transportation; in packing goods onto their truck; in failing to adequately and properly pack goods on the truck; in causing and/or suffering, allowing and permitting goods to be damaged either by the reason of their failure to pack the specific goods in their trucks and/or causing other goods to fall or otherwise damage these goods while in the course and custody and control of the defendant, by their agents, employees and/or servants; in causing and/or suffering, allowing and permitting goods to be damaged while in their control; in delivering damaged goods; in failing to deliver goods in the condition which they picked them up; and in addition to and in the alternative to all the aforementioned acts of negligence, the defendant was guilty of negligence under and by virtue of the Doctrine of Res Ipsa Loquitor; and in general in that the defendant failed to use that degree of care and caution warranted under all of the surrounding circumstances.

ONE HUNDRED FORTY-EIGHTH: That the aforesaid occurrence and the damages resulting to the plaintiff therefrom, were caused solely and wholly as a result of the negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

ONE HUNDRED FORTY-NINTH:  That solely by reason of the aforesaid, the plaintiff's property was damaged and destroyed.

ONE HUNDRED FIFTIETH:  That solely by reason of the aforesaid, plaintiff lost the benefit of the sale of the aforesaid damaged materials.

ONE HUNDRED FIFTY-FIRST:  That solely by reason of the aforesaid, the plaintiff seeks a judgment for money damages in the amount of Fifteen Thousand Three Hundred Ninety-three Dollars and 86/100 ($15,393.86).

WHEREFORE, plaintiff, in the first cause of action seeks a judgment for money damages against the defendants in the amount of Six Thousand Five Hundred Ninety-eight Dollars and 00/100 ($6,598.60). with interest; plaintiff, in the second cause of action seeks a judgment for money damages against the defendants in the amount of Nine Thousand Seven Hundred Sixty-two Dollars and 02/100 ($ 9762.02); plaintiff, in the third cause of action seeks judgment for money damages against the defendants in the amount of Ten Thousand Four Hundred and Five Dollars and 39/100 ($10,405.30).with interest; plaintiff, in the fourth cause of action seeks judgment for money damages against defendants in the

amount of Fifteen Thousand Three Hundred Ninety-three Dollars and 86/100 ($15,393.86), all together with the cost and disbursements of this action.

Dated:  White Plains, New York
        June 20, 2008

                                    Yours, etc.

                                    _____
                                    LISA ANN ENOCH, ESQ.
                                    Attorneys for Plaintiff
                                    Office and P.O. Address
                                    81 Main Street, Suite 508
                                    White Plains, New York 10601
                                    (914) 285-0700

STATE OF NEW YORK, COUNTY OF WESTCHESTER
I, the undersigned, am an attorney admitted to practice in the courts of New York, and
certify that the

☐ has been compared by me with the original and found to be a true and complete
copy thereof.

☐ say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
plaintiff , I have read the annexed Complaint
know the contents thereof and the same are true to my knowledge, except those matters
therein which are stated to be alleged on information and belief, and as to those matters
I believe them to be true. My belief, as to those matters therein not stated upon
knowledge, is based upon the following. Information contained in my file.

The reason I make this affirmation instead of plaintiff is plaintiff does not reside in the county where my office is
located..
I affirm that the foregoing statements are true under penalties of perjury.

Dated:
STATE OF NEW YORK, COUNTY OF

☒           DAVID WALLERSTEIN, President, being sworn says: I am the plaintiff
in the action herein; I have read the annexed Complaint,
know the contents thereof and the same are true to my knowledge, except those
matters therein which are stated to be alleged on information and belief, and as to
those matters I believe them to be true.

☐ the                                    of
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters
therein which are stated to be alleged on information and belief, and as to those matters
I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on 4th June 2008

_____
Notary Public

Linda S Clemenzo
Notary Public State of New York
No: 01-4856412
Qualified in Westchester County
Commission Expires May 5, 2010

_____
DAVID WALLERSTEIN, President

STATE OF NEW YORK, COUNTY OF WESTCHESTER
Adrian O'Keeffe, being sworn says: I am not a party to the action, am over 18 years of age and reside at
Yonkers, New York.
On                    2008, I served a true copy of the annexed Summons and Verified Complaint in the following
manner:
[X]   by mailing the same in a sealed envelope, with postage
prepaid thereon, in a post-office or official depository of
the U.S. Postal Service within the State of New York,
addressed to the last known address of the addressee(s) indicated below:

[ ]   by delivering the same personally to the persons and at the
addresses indicated below:

Sworn to before me on              , 2008

_____
Notary Public

_____
ADRIAN O'KEEFFE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
DAVEE TAPE CO., INC.,

                                        Plaintiff,

        -against-

CNE, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY TRANSPORTATION
SERVICES, INC., CON-WAY CENTRAL EXPRESS,
INC., CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

                                        Defendants.

_____

                 SUMMONS AND VERIFIED COMPLAINT
_____

                LISA ANN ENOCH, ESQ.
                Attorney for Plaintiff(s)
                Office and P.O. Address
                81 Main Street
                Suite 508
                White Plains, New York

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New
York State, certifies that upon information and belief, and reasonable inquiry, the contentions contained in
the annexed document are not frivolous.

Dated:  _Jan 24, 2008_          Signature: _Lisa A. Enoch_

                                Print Signer's Name Lisa Ann Enoch

To:

Attorney(s) For Plaintiff

Service of a copy of the within
is hereby admitted.

Dated:

                                        _____
                                        Attorney(s) for