NOWELL AMOROSO KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
And
140 Broadway
PMB 46028
New York, New York 10005
Attorneys for Defendant,
Con-Way Freight, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVEE TAPE CO., INC.,

          Plaintiff,

    v.

CNF, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY
TRANSPORATION SERVICES, INC.,
CON-WAY CENTRAL EXPRESS, INC.,
CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

          Defendants.

Civil Action No.: 08-cv-6515(SCR)

ANSWER AND
AFFIRMATIVE DEFENSES

---

PLEASE TAKE NOTICE that the defendant, Con-Way Freight, Inc., improperly named as CNF, Inc., Con-Way, Inc., Con-Way Transportation Services, Inc., Con-Way Central Express, Inc., Con-Way Freight Transportation Services and Con-Way Logistics, Inc., ("Defendant") by

and through its legal counsel, Nowell Amoroso Klein Bierman, P.A., Answer the Plaintiff's Complaint as follows:

## AS TO ALL COUNTS OF THE COMPLAINT

Except to admit that the Defendant is a common carrier engaged in interstate commerce and that certain goods were received pursuant to a contract of carriage for transport in interstate commerce, the Defendant denies the balance of the complaint and leaves the Plaintiff to its proofs.

## FIRST SEPARATE DEFENSE

Whatever shipments were received for transportation by the Defendant were accepted in accordance with, and subject to, all the terms and conditions of the contract of carriage and also subject to the effective classifications and tariffs, rules referenced therein, and the rules, regulations and practices of the Defendant and its connecting lines applicable thereto, including terminal tariffs, which together for the contract of carriage between the parties for the transportation of said shipments and the responsibility of the carrier in the matter is defined by and subject to the provisions of the Interstate Commerce Act and/or the ICC Termination Act of 1995. The Defendant and its connecting carriers duly performed all of the terms and conditions on its and their part to be performed.

## SECOND SEPARATE DEFENSE

The contract of the carriage contained a provision stating that:

No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto or delay caused by . . . the act of default of the shipper or owner . . ..

The Defendant is not liable for any loss, damage or delay to the shipment that was due to such cause.

## THIRD SEPARATE DEFENSE

This contract of carriage further provided as follows:

The carrier or party in possession shall not be liable for loss, damage or delay . . . resulting from a defect or vice in the property . . ..

Any loss, damage or delay to the shipment which is the subject matter of this action was due to such cause.

## FOURTH SEPARATE DEFENSE

The contract of carriage further provided that:

As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in the case of export tariff, within nine months after delivery at the port of export) or, in the case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed, and suit shall be instituted against any carrier only within two years and one day from the date when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any party or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

In the event that the claim was not filed nor suit instituted on the shipments that is the subject matter of the Complaint herein within the time prescribed by such limits, suit on such shipment is barred.

## FIFTH SEPARATE DEFENSE

The contract of carriage states that:

No carrier is bound to transport said property by any particular market or otherwise than with reasonable dispatch.

The shipment which is the subject matter of this action was transported with reasonable dispatch.

## SIXTH SEPARATE DEFENSE

The contract of carriage also provided that:

> [W]here a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the property as determined by the classification or tariffs upon which the rate is based, such lower value . . . shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

In the event that said shipment moved subject to any limitations of liability, the Plaintiffs herein may not recover in excess of such limitations.

### SEVENTH SEPARATE DEFENSE

The shipment referred to in the Complaint herein was loaded, packaged and counted by the Shipper and/or his agent and the Defendant is not responsible for any damage to such shipment caused by the improper loading or packaging thereof.

### EIGHTH SEPARATE DEFENSE

In the event that the Plaintiff has or had no title or interest in the shipment that is the subject of this action, then the Plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

### NINTH SEPARATE DEFENSE

If the shipment referred to in the Complaint suffered any loss or damage or delay, such loss, damage or delay was caused by acts or omissions by a third party or parties over whom the Defendant had no control nor right of control.

### TENTH SEPARATE DEFENSE

The contract of carriage does not contemplate responsibility for special damages. A large percentage of the damages sought in the Complaint are special damages for which the Defendant is not responsible.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### TWELFTH SEPARATE DEFENSE

Service of process on Defendant was improper.

### THIRTEENTH SEPARATE DEFENSE

This jurisdiction is an inconvenient forum.

### FOURTEENTH SEPARATE DEFENSE

Plaintiffs failed to mitigate damages.

### FIFTEENTH SEPARATE DEFENSE

The Carmack Amendment and the Interstate Commerce Act are applicable to this shipment, 49 U.S.C. § 14706, and federal law preempts all state and common law remedies and constitutes the exclusive avenue for recovery against an interstate carrier for alleged loss or damage to transported goods.

### SIXTEENTH SEPARATE DEFENSE

The goods that are the subject of the Complaint were received by the Plaintiff and/or by the Consignee in good order and condition and without exceptions noted on the Delivery Receipt at the time of the delivery to the Plaintiff and/or to the Consignee. This is *prima fascie* evidence of the Defendant's delivery of the goods to the Plaintiff and/or to the Consignee in good condition.

### SEVENTEENTH SEPARATE DEFENSE

The lawsuit is barred by the applicable period of limitations.

WHEREFORE, Defendant respectfully requests judgment dismissing the complaint and awarding it costs and disbursements of this action including reasonable attorneys fees.

NOWELL AMOROSO KLEIN BIERMAN, P.A.
Attorneys for Defendant,
Con-Way Freight, Inc.

By:      /s/ William D. Bierman
       William D. Bierman (WB 8955)
       NOWELL AMOROSO KLEIN BIERMAN, P.A.
       155 Polifly Road
       Hackensack, NJ 07601
       (201) 343-5001
       wbierman@nakblaw.com
       And
       140 Broadway
       PMB 46028
       New York, New York 10005
       Attorneys for Defendant,
       Con-Way Freight, Inc.

Dated: August 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served via United States mail, postage prepaid, this 11th day of August, 2008, upon:

Lisa Ann Enoch, Esq.
81 Main Street
Suite 508
White Plains, New York 10601
Attorneys for Plaintiff

/s/ *William D. Bierman*
William D. Bierman

NOWELL AMOROSO KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
And
140 Broadway
PMB 46028
New York, New York 10005
Attorneys for Defendant,
Con-Way Freight, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVEE TAPE CO., INC.,

           Plaintiff,

   v.

CNF, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY
TRANSPORATION SERVICES, INC.,
CON-WAY CENTRAL EXPRESS, INC.,
CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

           Defendants.

Civil Action No.: 08-cv-6515(SCR)

**NOTICE OF APPEARANCE**

---

      William D. Bierman, Esq., being an attorney-at-law of the State of New Jersey and admitted to the bar of the State of New Jersey, and also admitted to practice in the United States District Court For The District of New Jersey, the Southern District of New York, The Eastern District of New York, The U.S. Supreme Court, The U.S. Court of Appeals 2nd Circuit and The U.S. Court of Appeals 3rd Circuit, hereby formally enters his appearance as Counsel in this matter on behalf of the Defendant, Con-Way Freight, Inc., and to be bound accordingly. Notices and papers may be mailed and/or served upon him on behalf of the Defendant at the following address:

William D. Bierman, Esq.
Nowell Amoroso Klein Bierman, P.A.
155 Polifly Road
Hackensack, New Jersey 07601
Telephone: (201)343-5001
Fax: (201)343-5181
E-mail: wbierman@nakblaw.com

        **Nowell Amoroso Klein Bierman, P.A.**
        Attorneys for Defendant, Con-Way
        Freight, Inc.

Dated: August 11, 2008        By: /s/ William D. Bierman
                                              William D. Bierman

NOWELL AMOROSO KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
And
140 Broadway
PMB 46028
New York, New York 10005
Attorneys for Defendant,
Con-Way Freight, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVEE TAPE CO., INC.,

          Plaintiff,

   v.

CNF, INC., CON-WAY, INC., CON-WAY
FREIGHT, INC., CON-WAY
TRANSPORATION SERVICES, INC.,
CON-WAY CENTRAL EXPRESS, INC.,
CON-WAY FREIGHT TRANSPORTATION
SERVICES and CON-WAY LOGISTICS, INC.,

          Defendants.

Civil Action No.: 08-cv-6515(SCR)

**NOTICE OF APPEARANCE**

---

      Thomas C. Martin, Esq., being an attorney-at-law of the State of New Jersey and admitted to the bar of the State of New Jersey, and also admitted to practice in the United States District Court For The District of New Jersey, The United States Court of Appeals For The Third Circuit, The Southern District of New York, and The Eastern District of New York, hereby formally enters his appearance as Counsel in this matter on behalf of the Defendant, Con-Way Freight, Inc. and to be bound accordingly. Notices and papers may be mailed and/or served upon him on behalf of the Plaintiffs at the following address:

Thomas C. Martin, Esq.<br>
Nowell Amoroso Klein Bierman, P.A.<br>
155 Polifly Road<br>
Hackensack, New Jersey 07601<br>
Telephone: (201)343-5001<br>
Fax: (201)343-5181<br>
E-mail: tmartin@nakblaw.com

**Nowell Amoroso Klein Bierman, P.A.**
Attorneys for Defendant, Con-Way Freight, Inc.

By: /s/ Thomas C. Martin
      Thomas C. Martin

Dated: August 11, 2008